IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HENRY BARBER,** | : CIVIL ACTION NO. 1:22-CV-1840 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **RIVELLO,** *et al.*, | : |
| **Defendants** | : |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Henry Barber, alleges violations of his civil rights under the First and Eighth Amendments by prison officials employed at Huntingdon State Correctional Institution ("SCI-Huntingdon"). Defendant Cousins has moved to dismiss the claims against her. The motion will be granted in part and denied in part.

**I.      Factual Background & Procedural History**

Barber filed this case on November 17, 2022. (Doc. 1). The case is presently proceeding on Barber's second amended complaint, filed on May 4, 2023. (Doc. 35). Defendant Cousins moved to dismiss the second amended complaint on July 21, 2023. (Doc. 58). Briefing on the motion to dismiss is complete. (See Docs. 68, 74). All other defendants answered the amended complaint on July 18, 2023. (Doc. 57).

As relevant to Barber's claims against Cousins,[1] the second amended complaint alleges that Barber was housed in a psychiatric observation cell on September 7, 2021, based on reports that he was suicidal. (Doc. 35 at 6). On that date, Barber allegedly told Cousins, who was employed as a "psych" in the prison,[2] (see id. at 3), that he was "still suicidal." (Id. at 6). Cousins supposedly responded, "go ahead and kill yourself, but you are not staying here in the P.O.C." (Id.) Cousins then purportedly referred to an incident in which several of her codefendants had allegedly pepper sprayed Barber and stated, "if I were you[,] I would not file any grievances about you being pepper sprayed a couple days ago[,] it only gets worse from there." (Id.) Although Barber's second amended complaint does not specifically state which claims are advanced against Cousins, the court liberally construes the factual allegations against Cousins to allege retaliation in violation of the First Amendment and deliberate indifference to the risk of suicide in violation of the Eighth Amendment. Barber seeks compensatory and punitive damages. (Id. at 10).

## II.     Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted.

---

[1] The court will summarize the factual allegations included in the second amended complaint only to the extent they are relevant to the claims against defendant Cousins because Cousins is the only defendant who has moved to dismiss the second amended complaint.

[2] The court assumes that "psych" is meant to indicate that Cousins was employed as a psychiatrist.

FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents."  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim

3

for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III.   Discussion

Barber brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Cousins argues that Barber's claims against her should be dismissed for failure to exhaust administrative remedies and for failure to state a retaliation claim upon which relief may be granted. (Doc. 68). Under the Prison Litigation Reform Act ("PLRA"), prisoners complaining about the conditions of their confinement

4

must exhaust available administrative remedies before they may file suit in federal court.  42 U.S.C. § 1997e(a).  The PLRA requires proper exhaustion, meaning plaintiffs must administratively grieve their claims in accordance with the procedural rules of the prison in which they are incarcerated.  Downey v. Pa. Dep't of Corr., 968 F.3d 299, 305 (3d Cir. 2020) (citing Woodford v. Ngo, 548 U.S. 81, 88 (2006)).  Failure to exhaust administrative remedies is an affirmative defense that defendants must plead and prove; it is not a pleading requirement for plaintiffs.  Jones v. Bock, 549 U.S. 199, 216 (2007).

A prisoner is only required to exhaust administrative remedies that are "available."  Rinaldi v. United States, 904 F.3d 257, 268 (2018) (citing Woodford, 548 U.S. at 93).  An administrative remedy is unavailable, and administrative exhaustion is thus excused, in three situations: "(1) when 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) when it is 'so opaque that it becomes, practically speaking, incapable of use,' such as when no ordinary prisoner can discern or navigate it; or (3) when 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'"  Id. at 266-67 (quoting Ross v. Blake, 578 U.S. 632, 643-44 (2016)).

When a defendant asserts failure to exhaust administrative remedies based on indisputably authentic documents related to the plaintiff's administrative exhaustion attempt, the issue may be considered in the context of a motion to dismiss.  Id. at 262 n.1.  The standard of review is the same as that for other motions to dismiss filed pursuant to Rule 12(b)(6), meaning that all factual allegations in the

5

plaintiff's complaint are accepted as true for the purpose of resolving the motion and that the court may not resolve disputed issues of fact. Id.

We find that Cousins has not met her burden to establish failure to exhaust administrative remedies at this stage of litigation. Cousins asserts that indisputably authentic documents establish that Barber failed to exhaust administrative remedies, (see Doc. 68 at 4-7), but Barber responds that the prison's grievance process was unavailable to him because prison officials denied him grievance forms, pencils, and pens and declined to file grievances on his behalf during the relevant period, (see Doc. 74 at 3). Cousins has not responded to this factual assertion. Hence, even assuming, *arguendo*, that the documents produced by Cousins establish that Barber failed to exhaust administrative remedies, there remains a question of fact as to whether the grievance process was available to Barber. This court cannot resolve this factual question at this stage and must deny the motion to dismiss. See Rinaldi, 904 F.3d at 262 n.1.

Turning to the merits, we agree with Cousins that dismissal of Barber's retaliation claim against her is appropriate. Barber has not addressed the retaliation claim or Cousins's argument for dismissal of the claim in any manner. (See Doc. 74). We note that Cousins specifically contends that Barber has failed to allege he was subjected to adverse action by Cousins and that Barber has failed to allege causation—essential elements of a retaliation claim. (See Doc. 68 at 8-9). A brief in opposition to a motion to dismiss that fails to respond to a substantive argument to dismiss a particular claim results in the waiver or abandonment of that claim. See Dreibelbis v. Scholton, 274 F. App'x 183, 185 (3d Cir. 2008) (affirming

6

district court's finding that plaintiff waived argument where he had opportunity to address it in his opposition brief but failed to do so); D'Angio v. Borough of Nescopeck, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999) (finding claims waived where plaintiff failed to address defendant's argument in his brief in opposition to a motion to dismiss). Based upon the record of briefing before the court, we find that Cousins has waived his retaliation claim.

We will not dismiss Barber's deliberate indifference claim because Cousins has not advanced any argument to dismiss the claim on its merits.

Before dismissing a civil rights claim for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. We find that amendment would be futile because the record squarely reflects that Barber has waived his retaliation claim against Cousins.

## IV.     Conclusion

We will grant Cousins's motion to dismiss Barber's retaliation claim but deny the motion to dismiss in all other respects. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    January 18, 2024